UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
IVAN BENJAMIN,

                              Plaintiff,                          **REPORT AND**
                                                                  **RECOMMENDATION**
            -against-                                             22-CV-4494 (LDH) (TAM)

R & B SERVICES INC. and MASPETH
SUPPLY CO., LLC,

                              Defendants.
-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

On July 30, 2022, Ivan Benjamin ("Plaintiff") initiated this action against Maspeth

Contracting Corp. ("Maspeth Contracting") and R & B Services Inc. ("R & B"). (*See*

Compl., ECF No. 1.) Plaintiff alleges claims for unpaid wages under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"),

Art. 6, Section 190 *et seq.* and Art. 19, Section 650 *et seq.* (*Id.* ¶¶ 33–48.) Presently before

the Court is Plaintiff's motion for judgment based on a settlement. (Mot. for J., ECF No.

36.) For the reasons discussed herein, the Court respectfully recommends that Plaintiff's

motion for judgment be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff alleges that he was employed by Maspeth Contracting and R & B "for

about 20 years ending on or about December 9, 2019." (Compl., ECF No. 1, ¶ 15.)

Plaintiff filed suit on July 30, 2022, and served Defendants Maspeth Contracting and

R & B on August 2, 2022, rendering their answers due by August 23, 2022. (*See* Compl.,

ECF No. 1; Affs. of Service, ECF No. 5.) Defendants Maspeth Contracting and R & B had

not answered by August 23, 2022, and on September 14, 2022, Plaintiff indicated an intention to request an entry of default. (Status Rep., ECF No. 6.) Shortly thereafter, on September 28, 2022, Plaintiff requested a certificate of default. (Req. for Cert. of Default, ECF No. 7.)

On October 4, 2022, Defendants Maspeth Contracting and R & B filed a motion for an extension of time to file an answer. (Mot. for Extension, ECF No. 8.) On October 5, 2022, the Court granted the motion and ordered Defendants Maspeth Contracting and R & B to answer, move, or otherwise respond to the complaint by November 15, 2022. (Oct. 5, 2022 ECF Order.) That same day, the Clerk of Court denied the request for a certificate of default. (Oct. 5, 2022 ECF Req. for Cert. of Default Denied.)

On November 9, 2022, Defendant Maspeth Contracting filed a request for a pre-motion conference concerning an anticipated motion to dismiss on the basis that Plaintiff "filed a lawsuit against the wrong party." (Req. for Pre-Mot. Conf., ECF No. 9.) Plaintiff filed a response on November 15, 2022, and on December 4, 2022, Plaintiff filed an amended complaint against R & B and Maspeth Supply Co., LLC ("Maspeth") (collectively referred to herein as "Defendants"). (Resp., ECF No. 11; Am. Compl., ECF No. 12, at 1.)

On January 27, 2023, Plaintiff filed a status report indicating that Plaintiff and R & B "engaged in some settlement discussions" and requesting an extension of time for Defendants to answer the amended complaint. (Status Rep., ECF No. 17.) After two orders in which the Court noted Defendants' failure to answer the amended complaint, Plaintiff requested a certificate of default. (Feb. 28, 2023 ECF Order; Mar. 22, 2023 ECF Order; Req. for Entry of Default, ECF No. 18.) On April 3, 2023, the Clerk of Court entered default against Defendants. (Entry of Default, ECF No. 19.)

On April 12, 2023, counsel for Defendant Maspeth filed a status report indicating that they were retained as counsel and "intend to file a motion by Friday, April 14, 2023, to set aside the default," and requesting "an additional 30 days for Maspeth to file its response" to the complaint. (Status Rep., ECF No. 20.) On April 14, 2023, Maspeth filed a motion to set aside the previously-entered default and to extend time to respond to the complaint. (*See* Notice of Mot. to Set Aside Default, ECF No. 24.) Shortly thereafter, on April 18, 2023, Plaintiff filed a letter requesting a referral to mediation and an extension of time to respond to the motion to vacate. (Req. for Mediation Referral, ECF No. 27.)

At a status conference on May 3, 2023, the Court referred the parties to mediation, ordering the selection of a mediator by May 17, 2023, and the completion of mediation by July 14, 2023. (*See* May 3, 2023 ECF Min. Entry & Order; May 3, 2023 ECF Order Referring Case to Mediation.) Notably, Reginald Bridgewater, a representative of R & B, appeared at the May 3, 2023 status conference. (May 3, 2023 ECF Min. Entry & Order.) The Court advised Mr. Bridgewater that he could not represent R & B, a corporation, in federal court, and that R & B must obtain counsel so as to properly appear in the case. (*Id.* (citing *Berrios v. N.Y.C. Hous. Auth.*, 654 F.3d 130, 132–33 (2d Cir. 2009)).)

On July 17, 2023, Plaintiff filed a motion for settlement approval. (Mot. for Settlement Approval, ECF No. 29.) Two days later, the Court scheduled a conference for July 27, 2023, to review the proposed settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). (July 19, 2023 ECF Scheduling Order.)

At the *Cheeks* conference on July 27, 2023, the parties indicated that they were working towards finalizing a revised proposed settlement agreement; the Court directed the parties to file a joint status report, including any revised settlement agreement, by August 3, 2023. (July 27, 2023 ECF Min. Entry & Order.) On August 1, 2023, Plaintiff and Defendant Maspeth consented to magistrate judge jurisdiction for the motion for settlement approval under *Cheeks*, and Plaintiff filed a fully executed settlement agreement, which bears a signature for Reginald Bridgewater on behalf of R & B, and indicates that Mr. Bridgewater's title at R & B is "President." (Consent, ECF No. 33; Settlement Agreement & Release, ECF No. 34-1, at ECF p. 11 (hereinafter "Settlement Agreement").)

The Court held another *Cheeks* conference on September 11, 2023, during which the Court granted the motion for settlement approval. (Sept. 11, 2023 ECF Min. Entry & Order.) Accordingly, the Court directed the Clerk of Court to vacate the April 3, 2023 entry of default. (*Id.*)

Nearly two months later, on November 10, 2023, Plaintiff filed a motion for judgment based on the settlement agreement arguing that, as of November 10, 2023, Defendant R & B "ha[d] not made any of the settlement payments, due under the settlement agreement approved by the Court."[1] (Mot. for J., ECF No. 36; Decl. in Supp.

---

[1] The agreement provides that Defendant R & B was to make twelve payments totaling $25,000, due on July 30, 2023, August 29, 2023, September 28, 2023, October 28, 2023, November 27, 2023, and December 27, 2023. (Settlement Agreement, ECF No. 34-1, ¶ 4(iii)–(xx).) The agreement also provides that "[i]f there is a default by Defendant R & B in making the

of Req. for Entry of J. (hereinafter "Hassan Decl."), ECF No. 36-1, ¶ 10.) On November

30, 2023, the Honorable LaShann DeArcy Hall referred Plaintiff's motion to the

undersigned magistrate judge. (Nov. 30, 2023 ECF Order.) For the reasons discussed

herein, the Court respectfully recommends that Plaintiff's motion for judgment based

on the settlement agreement be granted and that judgment of $37,500 be entered in

favor of Plaintiff.

DISCUSSION

### I. Legal Standards

"'It is well established that settlement agreements are contracts and must

therefore be construed according to general principles of contract law.'" *Murphy v. Inst.*

*of Int'l Educ.*, 32 F.4th 146, 150 (2d Cir. 2022) (quoting *Collins v. Harrison-Bode*, 303 F.3d

429, 433 (2d Cir. 2002)) (internal quotation marks omitted in *Murphy*); *see also Meetings &*

*Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974) (per curiam) (citing *J.*

*Kahn & Co. v. Clark*, 178 F.2d 111 (5th Cir. 1949)); *Autera v. Robinson*, 419 F.2d 1197, 1200

(D.C. Cir. 1969) (referring to settlement agreements as "settlement contracts").

"Whether a binding agreement exists is a question of law." *Murphy*, 32 F.4th at 150.

"The ultimate issue . . . 'is the intent of the parties: whether the parties intended to be

---

payments herein, Plaintiff or his counsel, will give Defendant R & B written notice of said default, by sending a notice of default by email to Mr. Reginald Bridgewater at rb@rnbsrvc.com." (*Id*. ¶ 4(b) (emphasis omitted).) R & B will then have ten days from the receipt of the notice to cure the default, and "[i]f R & B does not cure the default within ten (10) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment in the amount of 150% of the entire outstanding amounts against R & B." (*Id*.)

On October 2, 2023, Plaintiff's counsel "notified Mr. Bridgewater by email, and first-class mail about Defendant R & B Services Inc.'s default in making the overdue settlement payments." (Decl. in Supp. of Req. for Entry of J. (hereinafter "Hassan Decl."), ECF No. 36-1, ¶ 9.)

bound, and if so, to what extent.'" *Vacold LLC v. Cerami*, 545 F.3d 114, 125 (2d Cir. 2008) (quoting *Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*, 145 F.3d 543, 548–49 (2d Cir. 1998)).[2]

In New York, a contract is generally enforceable when there is "'an offer, acceptance, consideration, mutual assent[,] and intent to be bound.'" *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004) (quoting *Louros v. Cyr*, 175 F. Supp. 2d 497, 511 n.5 (S.D.N.Y. 2001)). To form a binding contract, the parties must agree on all essential terms, which are those terms that require negotiation. *See Murphy*, 32 F.4th at 150 (quoting *Teachers Ins. & Ann. Assoc. of Am. v. Tribune Co.*, 670 F. Supp. 491 (S.D.N.Y. 1987)). There must be "a meeting of the minds" on the material terms for a court to enforce a settlement. *Raghavendra v. Trs. of Columbia Univ.*, 686 F. Supp. 2d 332, 341 (S.D.N.Y. 2010), *aff'd in relevant part, vacated and remanded on other grounds*, 434 F. App'x 31 (2d Cir. 2011). Once these terms have been agreed to, and there is evidence of mutual intent to be bound, the parties are bound and must adhere to the agreement. *Id*. The "party seeking to enforce a purported settlement agreement has the burden of proof to demonstrate that the parties actually entered into such an agreement." *See Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc.*, 447 F. Supp. 2d 329, 335 (S.D.N.Y. 2006).

In determining "whether there has been a meeting of the minds on all essential terms," courts must analyze the totality of the circumstances. *Id.* at 337. To determine

---

[2] It is worth noting that courts' "authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings." *Janus Films, Inc. v. Miller*, 801 F.2d 578, 583 (2d Cir. 1986). The court's authority to enforce settlement agreements is both "essential to the efficient use of judicial resources [and] also preserves the integrity of settlements as a meaningful way to resolve legal disputes." *Brown v Nationscredit Com.*, No. 99-CV-592 (EBB), 2000 WL 888507, at *1 (D. Conn. June 23, 2000).

the presence of mutual assent, the court must look for a "'manifestation or expression of assent . . . by word, act, or conduct which evinces the intention of the parties to contract.'" *Bazak Int'l. Corp. v. Tarrant Apparel Grp.*, 378 F. Supp. 2d 377, 389 (S.D.N.Y. 2005) (quoting *Register.com*, 356 F.3d at 427). "The totality of the parties' acts, phrases and expressions must be considered, along with the attendant circumstances, the situation of the parties, and the objectives they were striving to attain." *Id.* (quotation marks omitted).

## II. Analysis

Here, the Court has before it a written settlement agreement signed by both Plaintiff and Defendants, which was approved at a *Cheeks* hearing. (Settlement Agreement, ECF No. 34-1, at ECF pp. 9–11; Sept. 11, 2023 ECF Min. Entry & Order.) The agreement incorporates the essential terms, including release of claims and the settlement amount, timing, and the method of payment. (*See id*. ¶¶ 3–4.) *See Murphy*, 32 F.4th at 152 (finding that a mediation agreement reflected the "material terms" where it noted that "[Plaintiff] received one year's worth of salary, two months' worth of COBRA premium contributions, and regular pay and benefits . . . in exchange for settling her suit" (quotation marks omitted)).

The totality of the circumstances also indicates that there was a meeting of the minds. *See Benicorp Ins.*, 447 F. Supp. 2d at 337. Most obviously, the parties' signatures manifest an expression of assent, which clearly "'evinces the intention of the parties to contract.'" *Register.com*, 356 F.3d at 427 (citing 22 N.Y. Jur. 2d, Contracts, § 29) (emphasis omitted). (*See* Settlement Agreement, ECF No. 34-1, at ECF pp. 9–11.) This alone is enough to determine that the agreement is binding; "[i]n New York, one who signs a document is, absent fraud or other wrongful act of the other contracting party, bound

7

by its contents."[3] *Wells v. N.Y.C. Dep't of Corrections*, 804 Fed. App'x 88, 90 (2d Cir. 2020) (quotation marks omitted). However, "the attendant circumstances, the situation of the parties, and the objectives they were striving to attain" also indicate intent to contract. *Bazak Intern. Corp.*, 378 F. Supp. 2d at 389 (quotation marks omitted). Indeed, here, the parties took the additional step of submitting the settlement agreement to the Court for approval as required by *Cheeks*. 796 F.3d 199. In the motion for settlement approval, Plaintiff stated that "all parties" intended to "resolve the case early and avoid the significant financial and non-financial costs/harms of litigation." (Mot. for Settlement Approval, ECF No. 29, at 3.)

Accordingly, Plaintiff has easily met the burden of proving that a binding and enforceable agreement exists. *See Benicorp Ins.*, 447 F. Supp. 2d at 335. Plaintiff has also demonstrated that Defendant R & B has defaulted on all payments due under the settlement agreement. (Hassan Decl., ECF No. 36-1, ¶ 10.) In addition, Plaintiff has established his entitlement to a judgment "in the amount of 150%" of the monies owed by R & B, i.e., a judgment in the amount of $37,500.[4] (Settlement Agreement, ECF No. 34-1, ¶ 4(b).) Therefore, the Court respectfully recommends entry of judgment. *See Samuel v. Aron*, No. 19-CV-5229 (MKB) (TAM), 2022 WL 17853228, at *5 (E.D.N.Y. Sept.

---

[3] The Court previously found that "'the [settlement] agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching,'" and that it "was the product of arm's length bargaining between experienced counsel after ample discovery and negotiations." (Sept. 11, 2023 ECF Order (first quoting *Le v. SITA Information Networking Computing, USA, Inc.*, No. 07-CV-86 (JS) (MLO), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13. 2008), then citing *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).)

[4] Plaintiff has shown that R & B is delinquent as to the entire settlement amount of $25,000, and is thus entitled to 150% of that amount, i.e., $37,500. (*See* Hassan Decl., ECF No. 36-1, ¶¶ 6, 10, 11.)

14, 2022) ("When defendants become non-complaint with court orders after entering

into a settlement agreement, entry of judgment may be the only remedy.").

## CONCLUSION

For the reasons set forth above, the Court respectfully recommends that

Plaintiff's motion for judgment based on the settlement (Mot. for J., ECF No. 36) be

granted, and that judgment be entered in favor of Plaintiff consisting of (1) a judgment

of $37,500 against Defendant R & B; (2) pre-judgment interest at nine percent per

annum pursuant to N.Y. C.P.L.R. §§ 5001(a)–(b) and 5004, to be calculated from October

12, 2023, through the date of judgment;[5] and (3) post-judgment interest at the rate set

forth in 28 U.S.C. § 1961(a), to be calculated from the date judgment is entered until the

date of payment.

*    *    *    *    *

Any objections to this report and recommendation must be filed within fourteen

days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a)

(providing the method for computing time). Failure to file objections within the

specified time waives the right to appeal the District Court's order. *See, e.g., Caidor v.*

---

[5] A party is entitled to pre-judgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); *see also Rhodes v. Davis*, 628 F. App'x 787, 792 (2d Cir. 2015); *Cont'l Cas. Co. v. Contest Promotions NY, LLC*, No. 15-CV-501 (MKB), 2016 WL 1255726, at *7 (E.D.N.Y. Mar. 28, 2016). "Section 5004 sets the rate of prejudgment interest at nine percent." *Cont'l Cas. Co.*, 2016 WL 1255726, at *7 (citing N.Y. C.P.L.R. § 5004). Interest due "shall be computed from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b); *see also Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993) (citations omitted) ("In New York, a breach of contract cause of action accrues at the time of the breach."). The settlement agreement states that the defaulting Defendant will have ten days from the receipt of notice to cure the default, and "[i]f R & B does not cure the default within (10) days of notice, Plaintiff and his Counsel shall have the right to a judgment or supplement judgment in the amount of 150% of the entire outstanding amounts against R & B."(Settlement Agreement, ECF No. 34-1, ¶ 4(b).) Plaintiff notified Mr. Bridgewater of R & B's default on October 2, 2023. (Hassan Decl., ECF No. 36-1, ¶ 9.) Accordingly, pre-judgment interest should be calculated from October 12, 2023, i.e., ten days after notice of R & B's default.

*Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate[] [judge's] decision" (quotation marks omitted)). Plaintiff is directed to serve a copy of this Order on Defendants Maspeth Contracting Corp. and R & B Services Inc. by certified mail and to file proof of service with the Court no later than April 24, 2024.

      **SO ORDERED.**

Dated:  Brooklyn, New York
       April 18, 2024

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE